UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

XAVIER BELL                                )
4111 Warner Avenue, Apt. A6               )
Hyattsville, Maryland 20784,              )
                                           )
          Plaintiff                        )
                                           )
vs.                                        )  C.A. No._____
                                           )
EQUITY RESIDENTIAL SERVICES, L.L.C.        )
2 North Riverside Plaza, Suite 400        )
Chicago, Illinois 60606                   )
                                           )
  Serve:                                   )
CT Corporation System                      )
1015 15th Street, N.W., Suite 1000        )
Washington, D.C. 20005,                    )
                                           )
          Defendant.                       )
_____)

COMPLAINT

Plaintiff Xavier Bell, by counsel, hereby complains and alleges as follows:

I. NATURE OF CASE

1.   This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the District of Columbia wage hour statute, D.C. Code §32-1001 et seq., by Xavier Bell against Defendant Equity Residential Services, L.L.C., for overtime violations of the FLSA and the District of Columbia wage hour statute.  There is also a claim under the D.C. Wage Payment and Wage Collection Act.

## II. <u>JURISDICTION AND VENUE</u>

2.   This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.  This Court has supplemental jurisdiction over the state law claims under the District of Columbia wage hour statute and the D.C. wage payment statute under 28 U.S.C. §1367.  The claims arise form a common nucleus of operative facts.

3.   Venue is proper in this district by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.  Plaintiff was employed by Defendants and worked in the District of Columbia for a substantial part of his employment with Defendants.  Plaintiff worked in the District of Columbia from on or about May 2, 2016 until in or about November 2016, and from on or about January 1, 2018 until on or about May 3, 2019.  During the period between in or about November 2016 until on or about December 31, 2017, Plaintiff worked in New York for Defendant.

## III. <u>THE PARTIES</u>

4.   Plaintiff Xavier Bell is a resident of Prince Georges County, Maryland.  Plaintiff was employed by Defendant, working largely in the District of Columbia. Plaintiff worked for Defendant in the District of Columbia from on or about May 2, 2016 until in or about November 2016, and from on or about January 1, 2018 until on or about May 3, 2019.  During the period between in or about November 2016 until on or about December 31, 2017, Plaintiff worked

in New York for Defendant.  Plaintiff worked for Defendant as an Area Leasing Consultant and then as an Assistant Community Manager.

5.    Defendant Equity Residential Services, L.L.C. ("Equity") is a limited liability company, with its principal place of business in Chicago, Illinois.  It has regularly conducted business activity in the District of Columbia as well as in New York. Defendant manages apartment buildings and leases apartments to tenants.  Some employees of Defendant worked in the District of Columbia at all times relevant herein.

### IV. FACTS

6.    Defendant had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

7.    Defendant was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

8.    Defendant engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and managing and leasing apartments in multiple states.

9.    Defendant was an employer of Plaintiff for purposes of the FLSA and the District of Columbia wage hour statute.

10.  Plaintiff engaged in commerce across state lines in the course of his employment with Defendant by, without limitation, engaging in telephone calls across state lines, sending emails

across state lines, and working in both the District of Columbia and New York.

11.   Plaintiff regularly worked more than 40 hours a week for Defendant.

12.   Defendants and/or their agents required and/or suffered or permitted Plaintiff to work overtime hours.

13.   Defendants did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all overtime hours worked.

14.   Plaintiff regularly worked uncompensated hours, including uncompensated overtime hours, with the actual and/or constructive knowledge of Defendant.

15.   Plaintiff was officially scheduled to begin work at 9:00 a.m.   However, Plaintiff regularly came to the office and began work well before that time.

16.   Plaintiff often began work as early as 7:00 or 7:30 a.m.

17.   Plaintiff worked all or almost all of the early morning hours "off-the-clock."

18.   Defendant and its agents discouraged employees from working overtime hours "on-the-clock."

19.   Plaintiff was observed by Defendant's managers and/or other employees of Defendant, working uncompensated overtime hours, off-the-clock.

20.   During off-the-clock time, Plaintiff would regularly sent emails from the company email system, among other work tasks.

21.  Plaintiff was able to access work emails from his cell phone and often accessed work emails, off-the-clock, when away from the office.

22.  Plaintiff often worked through at least part of his off-the-clock lunch hour, in the office.

23.  Plaintiff was often observed by one or more of Defendant's managers working off-the-clock during his lunch hours, in the office.

24.  Plaintiff would often communicate with other employees about work-related matters off-the-clock by email and by telephone.

25.  Defendant and/or its agents knew that Plaintiff was working more than 40 hours a week without being paid overtime compensation for all overtime hours worked.

26.  Plaintiff was paid on an hourly basis and also received commissions.

27. In a relatively few workweeks, Defendant paid Plaintiff overtime compensation.

28.  On information and belief, that overtime compensation was not paid at a rate of one and one-half times Plaintiff's regular rate of pay.

29.  On information and belief, Defendant did not property include commissions in Plaintiff's regular rate of pay, for purposes of the FLSA.

30.  Defendant  either knew that it was unlawful to fail to pay overtime compensation to Plaintiff for all hours worked over 40

in a workweek, or acted in reckless disregard of the law in not knowing that such actions were unlawful.

## V. <u>CLAIMS FOR RELIEF</u>

### COUNT ONE
### <u>VIOLATION OF FLSA OVERTIME REQUIREMENTS</u>

31.   The allegations of the preceding paragraphs are here realleged.

32.   Defendant did not compensate Plaintiff for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

33.   Defendant regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

34.   Defendant did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all of the hours he worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

35.   Defendant regularly and willfully violated the FLSA by not compensating Plaintiff for all hours he was required and/or "suffered or permitted" to work for Defendant and/or for not paying all overtime compensation due to Plaintiff.

36.   By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as

liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendant Equity Residential Services, L.L.C. for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

COUNT TWO
VIOLATION OF D.C. WAGE HOUR ACT OVERTIME REQUIREMENTS

37. The allegations of the preceding paragraphs are here realleged.

38. Plaintiff regularly spent over 50 percent of his working time in the District of Columbia for the bulk of his employment with Defendant and was otherwise covered by the District of Columbia wage hour statute for the bulk of his employment with Defendants, working in the District of Columbia from or about May 2, 2016 until in or about November 2016, and from on or about January 1, 2018 until on or about May 3, 2019.

39. Defendant did not compensate Plaintiff for all hours that Defendant required and/or "suffered or permitted" Plaintiff to work for Defendant with the actual or constructive knowledge of Defendant.

40. Defendant regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

41.   Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all of the hours he worked in excess of 40 in each workweek (i.e., Defendant did not pay overtime compensation required by law for all overtime hours worked).

42.   Plaintiff regularly worked more than 40 hours a week in the District of Columbia from or about May 2, 2016 until in or about November 2016, and from on or about January 1, 2018 until on or about May 3, 2019.

43.   Defendant regularly and willfully violated the District of Columbia wage hour statute by not compensating Plaintiff for all hours he was required and/or "suffered or permitted" to work for Defendant and/or for not paying all overtime compensation due to Plaintiff.

44.   By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs.

WHEREFORE, Plaintiff demands judgment against Defendant Equity Residential Services, L.L.C. , jointly and severally, for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

COUNT THREE
VIOLATION OF D.C. WAGE PAYMENT AND WAGE COLLECTION ACT

45.   The allegations of the preceding paragraphs are here realleged.

46.   Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the D.C. Wage Payment and Collection Act.

47.   Defendant was obligated to pay Plaintiff all "wages," as defined in the D.C. Wage Payment and Collection Act, for work that Plaintiff performed for Defendant.

48.   Plaintiff worked many uncompensated hours of work for Defendant for which Plaintiff failed and/or refused to pay Plaintiff.

49.   Defendant failed and/or refused to pay Plaintiff all wages earned and/or guaranteed and/or required for job duties performed at or before the end of Plaintiff's employment with Defendant.

50.   Defendant failed and/or refused to pay Plaintiff his earned wages for all hours worked in his final pay check.

51.   Defendant's failure and/or refusal to pay Plaintiff all wages promised and/or guaranteed and/or required on time or at or before the end of Plaintiff's employment with Defendant as required by the District of Columbia Wage Payment and Collection Act was willful and/or intentional, was not the result of any bona fide dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Plaintiff demands judgment against Defendant Equity Residential Services, L.L.C. , for unpaid wages and/or compensation (including unpaid overtime compensation), in an amount to be

determined at trial, plus an additional three times all unpaid wages as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

Respectfully submitted,
XAVIER BELL
By counsel:


/s/ John J. Rigby

John J. Rigby
D.C. Bar No. 255539
McInroy & Rigby, L.L.P.
2111 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com